EDWARD F. PATCHEN, Appellant, *v.* MARY E. PATCHEN et al., Respondents.

P. died, leaving a widow and five children; by his will he devised to his widow an undivided third part of his real estate for life; upon her death the same to go to his children " equally who may then be living and to their heirs and assigns forever." The other two-thirds, he devised to his five children in equal shares. Two of the children survived the widow, and one of the deceased children left children who also survived her. In an action for the construction of the will, *held*, that the two surviving children of the testator took the whole of the one-third devised to their mother for life.

*In re Brown* (93 N. Y. 295), distinguished.
*Patchen* v. *Patchen* (49 Hun, 270), reversed.

(Argued May 5, 1890; decided June 3, 1890.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made June 25, 1888, which affirmed a judgment entered upon a decision of the court on trial at Special Term.

This was an action for the construction of a devise in the will of Henry Patchen, deceased.

The facts, so far as material, are stated in the opinion.

*William S. Cogswell* for appellant.    The respondents have no right or interest in the property held by the trustee, as devisees under the will.    (*Barber* v. *Barber*, 3 M. & C. 193.) A devise to a class takes effect only in favor of those who constitute the class at the time designated for possession. (*Magem* v. *Field*, 48 N. Y. 668; *Hill* v. *R. Bank*, 45 N. H. 271; *Viner* v. *Francis*, 2 Brown's Ch. 658; *Jenkins* v. *Frazer*, 4 Paige, 47; *Campbell* v. *Rawdon*, 18 N. Y. 412; *Carmichael* v. *Carmichael*, 4 Keyes, 346; *Kelso* v. *Lorillard*, 85 N. Y. 177.)    It was not the testator's intention that the grandchildren should be devisees.    (*Crosby* v. *Wendell*, 6 Paige, 548; *Tier* v. *Pennell*, 1 Edw. Ch. 354; *Mowatt* v. *Carow*, 7 Paige, 328; *Palmer* v. *Horn*, 84 N. Y. 516; *Wylie* v. *Lockwood*, 86 id. 297; *Guernsey* v. *Guernsey*, 36 id. 267; *Low* v. *Harmony*, 72 id. 408; *Carmichael* v. *Carmichael*, 4 Keyes, 346; *Shannon* v. *Pickell*, 28 N. Y. S. R. 464; *In re Wells*, 113 N. Y. 396.)    Even if the court should consider the case of *In re Brown* controlling here, the judgment below must be modified.    (*In re Brown*, 93 N. Y. 300.)

*William C. De Witt* for respondents.    If the language is capable of any construction which would permit the issue of a deceased son to participate in the remainder limited upon his mother's life estate, that construction should, on well settled principles, be adopted in preference to one which should exclude them.    (*Scott* v. *Guernsey*, 48 N. Y. 100; *Low* v. *Harmony*, 72 id. 408; *In re Brown*, 93 id. 295, 299.)    The decision of the court below should be affirmed on the doctrine of *stare decisis*.    (*In re Brown*, 93 N. Y. 295; *In re Paton*, 111 id. 480, 486.)

Finch, J.    The testator died in 1849, leaving a widow and five children.    By his will he gave to his widow an undivided third part of his real estate for the term of her natural life,

and upon her death devised that third in these words viz. : " to my children equally who may then be living and to their heirs and assigns forever." The widow died in 1881, and only two of the five children survived at that date. They now claim the whole of the one-third which was devised to the widow for life, but are resisted by the infant children of one of the sons who died in his mother's lifetime. It is asserted in their behalf that upon a true construction of the will they took their father's share, which can only result from a vested estate in him, the enjoyment merely of which was postponed, a contention not made and impossible to sustain ; or by reading the will as an alternative devise to the children if living at the death of the widow or if dead then to their heirs and assigns. Grammatically and naturally the language will not bear that construction. The immediate antecedent of the word " their " to which it must refer is the children then living, that is at the date of the widow's death, and it is to them and their heirs and assigns that the land is given. There is no ambiguity about the language used ; its meaning is obvious and plain, and while sometimes the grammatical and natural interpretation may not control, it would be in a case where some contrary purpose was evinced by the will and the testator's intention, fully understood and clearly indicated, compelled a different construction. Nothing of the kind appears in the present will. The testator provided for the five children by giving them in equal shares the two-thirds of his property not reserved to the widow. He knew how to do that and used effectual and appropriate language for that purpose. It is said that all the provisions of the will outside of that in question point to a purpose of equality of division among the children, and negative an intention to discriminate and prefer. But these provisions do not show any more clearly and certainly an intention to divide the two-thirds equally, than do the prior words an intention to give the one-third to those living at the death of the mother. Grandchildren are not mentioned, but were not neglected. Their parents took vested estates in the undivided two-thirds, and their shares were descendible

and devisable, and there is nothing on the face of the will or in the situation to satisfy us that the testator did not mean exactly what he said. The General Term seems to have founded their conclusion upon our decision in *In re Estate of Brown* (93 N. Y. 295). But that will was quite different. There was an ambiguity in the words which threw doubt upon the intention, and made a construction necessary. The words there were " upon the death of any or either of my said daughters I give, devise and bequeath unto such child or children as my said daughters shall *have* or leave living at her decease." We solved the ambiguous expression by reference to other provisions of the will, and to the preference which the law gives to the participation of issue in a remainder. But here there is no ambiguity either in the words of devise, or raised by other terms of the will. Nothing in its language indicates any intention on the part of the testator different from that which his devise of the one-third, read in its natural and ordinary sense, explicitly declares. And so we are not at liberty to transpose or change the words of the devise ( *Wylie* v. *Lockwood*, 86 N. Y. 297), or give to the phrase " heirs and assigns " a substitutional or alternative effect. (*In re Wells*, 113 N. Y. 399.)

The judgment should be reversed and a new trial granted with costs to abide the event.

All concur.

Judgment reversed.