(107 App. Div. 425.)

**HEBBERD v. LESE.**

(Supreme Court, Appellate Division, First Department. September 29, 1905.)

1. WILLS—REMAINDERS—VESTING OF ESTATE.

Testatrix devised the property in question to her daughter for life, and "on the death" of the daughter to her children and issue, should she have any; otherwise, to a certain church. Then followed a power of sale for the benefit of the daughter for life, and a provision that at her death whatever was left should be given and divided among her children, share and share alike. *Held,* that the remainder was given to the children and issue of the daughter who survived her, and did not vest until the death of the life tenant.

2. SAME.

Though such remainder should be considered as a vested remainder, it was subject to be divested, should either of the life tenant's children have children and die during the life of the life tenant; for the life tenant's grandchildren, as issue, would then be entitled to take.

Submission of controversey on an agreed case, pursuant to Code Civ. Proc. § 1279, between Ella L. Hebberd and Louis Lese. Judgment for defendant.

Argued before HATCH, LAUGHLIN, PATTERSON, and O'BRIEN, JJ.

James A. Deering, for plaintiff.
John D. Connolly, for defendant.

PATTERSON, J. The defendant entered into a written contract for the purchase from the plaintiff of certain real estate situate on the southerly side of 127th street in the city of New York. At the time appointed for the completion of the purchase, the plaintiff tendered three deeds, which she claimed were sufficient to convey title to the premises, and she demanded that the defendant perform his contract in accordance with its terms. One of the instruments tendered was a quitclaim deed of a life tenant's interest or estate. The defendant objected to the title upon certain specific grounds, which are, first, that as to the westerly part of the premises they are subject to a contingent interest and remainder in a religious corporation, which had not been cut off or extinguished, and that the title is subject to open and let in persons not in being; and, second, that as to the easterly portion of the premises that portion is also subject to the interest of persons, which interest cannot be conveyed by the plaintiff. The case is submitted to the court upon an agreed statement of facts, pursuant to the provisions of sections 1279, 1280, and 1281 of the Code of Civil Procedure.

The single question presented is whether the plaintiff can give a marketable title to the land as specified in the contract of sale made between the parties. The solution of the question depends upon the construction to be given to the sixth clause of the will of Mary Ann Stead, who died in March, 1862, seised of the premises described in the contract. The testatrix left two children, Edward B. Stead and Sarah E. Barnes. Sarah E. Barnes was born on Sep-

tember 29, 1830, and is still living. She has two children; Ella
L. Hebberd, born in February, 1853, married to Isaac M. Hebberd
in May, 1892. Mrs. Hebberd has no children. William E. Barnes,
the son, was born in January, 1858, and married in 1892. His wife
died in 1897. There is no child of that marriage. In July, 1903,
William E. Barnes married one Anna B. Hughes, who is still living,
and there is no child of that marriage. The premises in question
are apparently free from any claim of Edward B. Stead, and under
the will of Mary Ann Stead passed to her daughter, Sarah E. Barnes,
for life, with remainder over as stated in the sixth clause of the will,
which reads as follows:

"I give, devise and bequeath to my said daughter the westerly portion of
said property situate on 127th street above mentioned, bounded easterly by the
portion above devised to my said son and northerly by 127th street, for her
natural life, and on her death I devise the same to her children and issue,
should she leave any, but should she not leave any her surviving, I devise the
same to the Methodist Episcopal Church in 125th street, Harlem, of which
I am now a member, subject, however, to the power now hereby given to my
executors to sell three lots thereof during the lifetime of my daughter, should
they deem it necessary for the support and maintainance of my said daughter,
and at her death, whatever may be left, if any, shall be given to and divided
among her children share and share alike, the children of a deceased child to
take the share of the parent, and I also direct my said executors to take from
my estate and the proceeds thereof a sum which with the above mentioned sum
of one thousand dollars to be paid to my son will be sufficient in their judg-
ment for the erection of a neat and comfortable house on the said property
above devised to my daughter, and erect therewith such house for the use and
benefit of my daughter."

Sarah E. Barnes is over 74 years of age. By various conveyances,
not now necessary to be specifically mentioned, title is claimed by
Ella L. Hebberd to be vested in her, and it is the same title which,
with the quitclaim deed, was tendered to the defendant. The Meth-
odist Episcopal Church corporation has conveyed any future con-
tingent interest it may have to Sarah E. Barnes, and it is not essen-
tial to the decision of this case that more than a passing reference
be made to the attitude in which the church corporation stands
to the subject. Nor is it necessary to refer, except for the pur-
poses of ascertaining the intention of the testatrix, to the provision
of the will respecting the discretionary power vested in the execu-
tors to sell a portion of the property devised by the sixth clause
for the support of the life tenant. The executors to whom that
power was given are dead, or have been removed, and there is no one
who can exercise it.

The contention of the plaintiff is that the children of Mrs. Barnes,
the life tenant, have a vested remainder, and that the deeds tendered
to the defendant are sufficient to convey the whole estate, namely,
that of the tenant for life and of the remaindermen. That contention
is based upon the well-known rule that, where a life estate is given,
with a remainder to take effect at, after, upon, or from the death or
marriage of the first taker, the remainder vests at the death of the
testator (Livingston v. Greene, 52 N. Y. 118; Hersee v. Simpson, 154
N. Y. 496, 48 N. E. 890; Ackerman v. Gorton, 67 N. Y. 63; Monar-

que v. Monarque, 80 N. Y. 320; Van Axte v. Fisher, 117 N. Y. 401, 22 N. E. 943; Nelson v. Russell, 135 N. Y. 140, 31 N. E. 1008), and that the words from and after, or "on the death of," used in the testamentary gift of a remainder, following a life estate, do not afford sufficient ground in themselves for adjudging that the remainder is contingent, and not vested, and, unless their meaning is enlarged by the context, they are to be regarded as defining the time of enjoyment simply, and not the vesting of title. But the rule invoked by the plaintiff must yield to the expression of a contrary intent of the testatrix manifested in the will. The presumption that a testator intends that his dispositions are to take effect either in enjoyment or interest at the time of his death is overcome by language in the will which by fair construction, indicates a contrary intent. Gifts over on the death of the primary beneficiary, unless a contrary intention appears, are construed as relating to the death of the testator. Vanderzee v. Slingerland, 103 N. Y. 55, 8 N. E. 247, 57 Am. Rep. 701; Matter of N. Y., L. & W. R. R., 105 N. Y. 92, 11 N. E. 492, 59 Am. Rep. 478.

The question, then, is whether the testatrix in the sixth clause of the will intended that the period of vesting in interest, and not in enjoyment or possession only, should be postponed to the death of the life tenant. If such were her intention, then under the terms of the will the persons entitled to the remainder cannot be ascertained at present. By the sixth clause it will be observed that the testatrix gives, devises, and bequeaths the property therein mentioned to her daughter for her natural life, and on the death of that daughter devises the same to her children and issue, should she leave any; but, should she not leave any her surviving, the property is devised to the Methodist Episcopal Church in 125th street, Harlem. Then follows the provision giving power of sale to the executors during the lifetime of the tenant for life to dispose of three lots, should they deem it necessary for the support of the life tenant, and then at her death whatever may be left to be given and divided among her children, share and share alike. We are of the opinion that this provision of the will points directly to the period of time at which the title to the remainder should vest, and our conclusion is based altogether upon the language used in this sixth clause. It is simply a matter of interpretation, and we construe this provision as meaning that the remainder is given to the children and issue of the testatrix's daughter, who survive that daughter. If that is the true construction, then the words "on her death" (of the life tenant) cannot relate to such death during the life of the testatrix.

Such being the situation of this title, we are of the opinion that the defendant should not be compelled to perform his contract, and that judgment should be directed in his favor as asked for in the agreed statement, with costs. All concur.

HATCH, J. I concur fully in the opinion of Mr. Justice PATTERSON, and, even if it could be held that the two children of Mrs. Barnes had a vested remainder, that remainder would be subject to

be divested, should they or either of them have children and should die during the life of Mrs. Barnes; for by the terms of the will the grandchildren of Mrs. Barnes, as issue, would then take, and the rights of unborn persons cannot be cut off otherwise than by judicial proceedings. I therefore concur in the conclusion that this title is in such a condition that the defendant should not be required to take it.