## LAKE v. ASCHER.

(Supreme Court, Appellate Division, First Department. June 4, 1909.)

WILLS (§§ 634, 635*)—CONSTRUCTION—VESTING OF ESTATE.

Under a will giving half of certain property in trust for testator's daughter for life, and providing, "on the death of my said daughter, * * * I give, devise and bequeath the said one-half * * * to the children of my grandson L.," to be divided into as many parts as there may be such children, to each of such children one of such parts to be paid on his reaching the age of 25 years, and "from the death of my said daughter * * * my executors shall apply to the support, education and maintenance of each of the said children * * * the interest or income of the part above bequeathed to him or her, till he or she shall attain the age of twenty-five years"—the time of distribution of the estate is the death of the daughter, and it then vests, and does not open up for after-born children of L.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1488–1513; Dec. Dig. §§ 634, 635.*]

Submission of controversy on an agreed statement of facts between Edith B. Lake as plaintiff and Herbert Ascher as defendant. Judgment for plaintiff.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, CLARKE, and HOUGHTON, JJ.

Isaac W. Goodhue, for plaintiff.
Mark Eisner, for defendant.

CLARKE, J. The controversy arises upon the eleventh clause of the will of Chauncey Kilmer, who died November 1, 1901, leaving a last will and testament dated June 14, 1900, which was duly probated. This clause gave, devised, and bequeathed one-half of the residue of

the estate to testator's executors and trustees in trust for the benefit of his daughter Ann Augusta Lake, directing them to pay the interest or income thereof to her semiannually each year during her life, and then provided as follows:

"Upon the death of my said daughter Ann Augusta Lake, I give, devise and bequeath the said one half of the rest, residue and remainder of my estate together with all accumulations of interest or income arising therefrom, to the children of my grandson, Louis N. Lake, son of my said daughter Ann Augusta Lake, and if there be more than one of such children, to be equally divided between them and to be paid and distributed as follows, my said executors and trustees shall divide said one-half of the rest, residue and remainder of my said estate together with all accumulations of interest or income arising therefrom into parts according to the number of such children of the said Louis N. Lake, and pay and deliver to each of said children one of such parts upon his or her arriving at the age of twenty-five years. From the time of the death of my said daughter, Ann Augusta Lake, my said executors and trustees shall apply to the support, education and maintenance of each of the said children of the said Louis N. Lake, the interest or income of the part above bequeathed to him or her until he or she shall attain the age of twenty-five years, such application of said interest or income to be made by my said executors and trustees personally or under their direction but not through the parents of said children."

Ann Augusta Lake, the daughter of said testator, is still living. Louis N. Lake, son of said daughter, is also living. Edith B. Lake, the plaintiff, is the daughter of said Louis and the granddaughter of said Ann Augusta, and will be 22 years of age next September. Louis N. has had only one other child and she is still living, and would take under the provisions of the said eleventh paragraph of the will.

On February 1, 1909, the plaintiff, Edith B. Lake, and the defendant entered into an agreement whereby the defendant was to purchase a one-fifth part of the interest of this plaintiff in the said estate, and the plaintiff agreed that her said interest, as appears in the said paragraph of the will, would be payable to her on her twenty-fifth birthday, provided that on said day Ann Augusta Lake be then deceased, or, if she be not deceased, then thereafter, upon the death of the said Ann Augusta, the life tenant. The said purchase was to be made and completed on the 24th day of February, 1909. On said day defendant refused to perform on the ground that this plaintiff would not be entitled to receive her interest upon reaching her twenty-fifth birthday if Ann Augusta was then deceased, because the estate would not be distributed as a matter of law until the death of Louis N. Lake, the son of Ann Augusta, and because any children born to the said Louis N. after the death of said Ann Augusta would be entitled to share equally with this plaintiff, and that a difficult question of law was involved.

The questions submitted are as follows: Would the children of Louis N. Lake living at the time of the death of Ann Augusta Lake, the life tenant, share equally in the trust estate? Would any children born to the said Louis N. Lake after the death of said life tenant be excluded from sharing in this estate with those born before the death of the said life tenant? If both these questions are answered in the affirmative, judgment to be rendered for the plaintiff directing the defendant to perform. If in the negative, in favor of the defendant canceling the agreement of purchase.

I think it is quite clear that both of these questions should be answered in the affirmative. The words are present words of gift:

"Upon the death of my said daughter, * * * I give, devise and bequeath * * * to the children of my grandson, [and] from the time of the death of my said daughter, * * * my said executors shall apply to the support, education and maintenance of each of the said children * * * the interest or income * * * until he or she shall attain the age of twenty-five years."

The time of distribution of the estate is therefore fixed as at the death of the daughter, and the estate to the grandchildren which up to that time is liable to open to let in after-born children then becomes vested, although the time of personal control of the corpus is postponed until the grandchildren arrive at the age of 25 years, and, if the children have not arrived at the age of 25 at the death of the life tenant, nevertheless, the income is to be disposed of for their benefit. It is not possible to construe the plain language of this will so that this estate should be open for 40 or 50 years until the death of the son.

In Ellison v. Airey, 1 Vesey, 111, there was a devise of £300 to Elizabeth Paxton to be paid to her at age of 21 or marriage, the interest in the meantime for her maintenance and education, but, if she died before 21 years or marriage, then to the younger children of her nephew equally to be divided to and among them. Some of the younger children were born before, some after, the making of the will, and some after the death of the testator. Hardwicke, Ld. Ch., said:

"It is stated the word 'younger' must be restrained to the time of making the will, others say to the death of the testatrix, others to the death of Eliza, under age and before marriage; others that it should be given to such as should be younger children at the death of Elizabeth before 21 or marriage."

This case was cited in Ayton v. Ayton, 1 Cox's Cases in Equity, 327. There the testator gave his estate in trust during the life of and for the benefit of his wife. On her death the property was to go to the children of one John Ayton and his wife, Jane. At the time the action was brought the life tenant was dead, at which time John and his wife had two children, the petitioners in the action. After the death of the life tenant three more children were born. The question squarely before the court was whether the three children born to the said John and Jane Ayton after the death of the life tenant should come in and share in the estate with the two children born before the death of the said life tenant. The Master of the Rolls said:

"So many children as come in esse before the fund is distributable shall be comprehended, and no more; and vesting is not to be suspended until other children are born to take away from the shares of the former."

In Baldwin v. Karver et al., 1 Cowp. 309, Lord Mansfield said:

"Where the devise is a remainder for two estates tail, therefore we are clearly of opinion that all the grandchildren in esse at the time the devise vested are equally entitled to take, which, in fact, includes all who are now before the court, for they were all living at the death of Richard (the life tenant)."

In 2 Jarman on Wills, 704, it is said:

"Where a particular estate or interest is carved out with a gift over to the children of the person taking that interest, or the children of any other person, such gift will embrace not only the objects living at the death of the tes-

tator, but all who may subsequently come into .existence before the period of distribution. Thus in the case of a devise or bequest to A. for life, * * * and after his decease to the children of B., the children, if any, of B. living at the death of the testator, together with those who happen to be born during the life of A., the tenant for life, are entitled, but not those who may come into existence after the death of A."

In Matter of Baer, 147 N. Y. 348, 41 N. E. 702, it is said:

"Where final division and distribution is to be made among a class, the benefits of the will must be confined to those persons who come within the appropriate category at the date when the division or distribution is directed to be made."

In Gilliam v. Guaranty Trust Co., 186 N. Y. 127, 78 N. E. 697, 116 Am. St. Rep. 536, it is said:

"The general rule * * * is well established that, when property at a future date is to pass to a certain class of persons, it will be distributed among the persons who compose such class at the date of distribution."

It follows, therefore, that both questions submitted should be answered in the affirmative, and judgment directed for the plaintiff, with costs. All concur.