## WRIGHT v. WRIGHT et al.

(Supreme Court, Appellate Division, Fourth Department. November 15, 1910.)

1. WILLS (§ 439*)—CONSTRUCTION—TESTATOR'S INTENT.

The determination of testator's intent is the principal consideration in construing a will.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 952, 955, 957; Dec. Dig. § 439.*]

2. WILLS (§§ 440, 487*)—CONSTRUCTION—AMBIGUITY.

Where a will is unambiguous, testator's intent must be determined from the language of the will; but, if it is ambiguous, extrinsic circumstances may be shown to ascertain his intention.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 956, 1023, 1026–1032; Dec. Dig. §§ 440, 487.*]

3. WILLS (§ 634*)—CONSTRUCTION—PERSONS TAKING.

The second paragraph of a will gave the use of all of testator's property, after payment of debts, to his widow during her life. The third paragraph gave the remainder "after the death of my said wife unto my children then living, * * * provided if any of my children shall die before the death of my said wife and shall leave a child or children surviving them, the share which would have gone to said deceased child shall be paid to such child or children." Held, that neither a child of testator who died before the widow nor his child, who also died before her, took any interest under the will.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1491–1508; Dec. Dig. § 634.*]

Appeal from Special Term, Steuben County.

Action by Emma Wright against Achsah L. Wright and others. From a judgment at Special Term (118 N. Y. Supp. 994) dismissing the complaint on demurrer, plaintiff appeals. Affirmed.

The action was commenced on the 9th day of September, 1908, to partition the real property described in the complaint; it being claimed that the plaintiff is the owner of a one-eighth undivided interest in such property. The sole question presented by this appeal is: Has the plaintiff any right, title, or interest in or to the property in question?

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ..

Warren J. Cheney, for appellant.
Charles L. Crane, for respondents.

McLENNAN, P. J. The real property which is the subject of this action is situate in the town of Tuscarora, Steuben county, N. Y., and was owned by one Nelson Wright at the time of his death, which occurred on the 30th day of December, 1890. He left him surviving his widow, Eliza Jane Wright and eight children, among whom was a son, Albert E. Wright, who died after the death of his father and before the death of his mother, Eliza Jane Wright. The father, Nelson Wright, left a last will and testament, which was duly admitted to

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

probate, and which provided, so far as it is important to note, as follows:

"Second. After complying with the provisions contained above (which directed the payment of testator's debts and funeral expenses), I give, devise and bequeath unto my wife, Eliza Jane, all the remainder of my real and personal property of whatever kind and wherever situate, to have and to hold the same with the use, interest and full enjoyment thereof for and during her natural life.

"Third. I give, devise and bequeath all the remainder of my real and personal property after the death of my said wife unto my children then living, share and share alike. Provided if any of my children shall die before the death of my said wife and shall leave a child or children surviving them, and in that case the share which would have gone to said deceased child, shall be paid to such child or children, share and share alike.

"Lastly, I do hereby nominate and appoint my wife, Eliza Jane Wright, sole executrix of this my last will and testament, hereby revoking all former wills made by me. I intend the provisions contained in this my will in favor of my wife to be taken and accepted by her in lieu of dower."

Albert E. Wright, one of the sons of the testator, Nelson Wright, and of Eliza Jane Wright, died intestate after the death of his father and after his father's will had been probated, but before the death of his mother, Eliza Jane Wright. He left him surviving this plaintiff (his widow), and an infant child, named Maude Wright. Said Maude Wright died intestate without descendants before the commencement of this action and before the death of Eliza Jane Wright, leaving the plaintiff, her mother, her only heir at law.

Albert E. Wright in his lifetime executed and delivered a deed of his one-eighth interest in the premises described in the complaint to one Thomas Harrison, and by mesne conveyances such title or interest has been conveyed to this plaintiff; so that she owns whatever interest her husband, Albert E. Wright, had in and to the premises in question, and one of her claims to the right to maintain this action is because of such conveyance. But, even if it be held that she acquired no title to or interest in the property in question by such mesne conveyances, it is insisted that upon the death of his father, Nelson Wright, Albert E. Wright became vested with a one-eighth interest in his father's estate, and that under the substitution clause in the will, he having been survived by a daughter, Maude Wright, she became vested with a one-eighth interest in such estate, precisely as Albert E. Wright would have had he survived his mother; and that said Maude Wright having survived her father and having died without issue, although prior to the death of the testator's widow, Eliza Jane Wright, the plaintiff, being her mother and only heir at law, is entitled to such interest in the premises in question.

The solution of the whole question depends practically on whether or not the estate of the testator, Nelson Wright, vested in his children at the time of his death. If it did, clearly Albert E. Wright had an interest which he could convey, subject, of course, to the life estate of his mother; and also subject to be defeated in case he died prior to the death of his mother leaving him surviving a child or children.

In the construction of any will, the real thing to be determined is the intent of the testator. Where the provisions of the will are not ambiguous, such intent must be determined by the language of the

will. Where such language is ambiguous, extraneous circumstances may be referred to to ascertain the real intention. In the case at bar, there is nothing to guide us in ascertaining the testator's intent except the language employed by him and contained in the will. By such will he gave by the second paragraph the use of all his property, both real and personal, after the payment of his debts and funeral expenses, to his widow, Eliza Jane Wright, during her natural life. By the third paragraph he assumes to devise all the remainder of his property after the death of his wife to his children then living. In other words, there was no devise or bequest to his children by the express language of his will until after the death of his wife. Then it is provided:

"If any of my children shall die before the death of my said wife and shall leave a child or children surviving them, in that case the share which would have gone to said deceased child shall be paid to such child or children, share and share alike."

It would seem clear, as found by the trial court, that it was the intention of the testator that his property should go to his children after the death of his wife in case they survived her, and, in case they did not so survive her, to their children in case they survived the grandmother.

We think there is nothing in the language of the will to indicate that it was the intention of the testator that one of his children, who died prior to the death of his widow and left a child or children who also died prior to the death of such widow, should be vested with any part of his estate. Such interpretation might result in giving all the remainder of testator's estate to strangers. In this case Albert E. Wright died before the widow. He left an only daughter, Maude Wright, who also died before the widow, and it is insisted that it was the intention of the testator that said Maude Wright should inherit one-eighth of her grandfather's estate, and that through her, notwithstanding she died prior to the grandmother, it should pass to her mother, the widow of Albert E. Wright. There is no doubt but that, if Maude Wright had survived the grandmother, she would have become vested with the interest in the property which is the subject of this controversy, and that in that event, upon her death, her interest would have passed to her mother, the plaintiff in this action; she being the only heir at law of Maude Wright.

We agree with the trial court in his holding that Albert E. Wright could take no right, title, or interest in or to the property in question, his death having occurred prior to the death of his mother, and that his daughter Maude, having died before her grandmother, took no right, title, or interest in or to such property.

The cases bearing upon this question are somewhat in conflict. In Connelly v. O'Brien, 166 N. Y. 406, 60 N. E. 20, it was held:

"A will providing that all the testator's estate, real and personal, after the payment of his debts, shall go to his widow during her life, and 'then to such of my children as may then be alive, share and share alike,' gives a life estate to the widow, with remainder to the children, postponing the enjoyment, but not the vesting of the remainders until the termination of the life estate."

That was a single provision in the will, and it was held that the word "then" as used in that will referred to the time of the death of

the testator and not of the life tenant. But in the case at bar the will explicitly provides that the devise and bequest to his children are after the death of the wife.

In Patchen v. Patchen et al., 121 N. Y. 432, 24 N. E. 695, the headnote is as follows:

"P. died leaving a widow and five children. By his will he devised to his widow an undivided one-third part of his real estate for life; upon her death the same to go to his children 'equally who may then be living and to their heirs and assigns forever.' The other two-thirds he devised to his five children in equal shares. Two of the children survived the widow, and one of the deceased children left children who also survived her. In an action for the construction of the will, held, that the two surviving children of the testator took the whole of the one-third devised to their mother for life."

It seems to me difficult to distinguish on principle the question decided in that case from the question presented by the case at bar.

The learned court below has discussed very fully, and, as we think, ably, the authorities bearing upon this very interesting and important question. We agree in the conclusions reached by him, and it therefore follows that the judgment appealed from should be affirmed, with costs.

Judgment affirmed, with costs. All concur; ROBSON, J., in result only.