In the Matter of the Estate of MILLIE D. MEYER, Deceased.

Surrogate's Court, Kings County, March 3, 1937.

*Harry M. Peyser* [*Jerome M. Hirsch* of counsel], for the State Tax Commission, respondent.

*Pickett & Pickett,* for the petitioner.

WINGATE, S. The issue in this proceeding to finally fix and compromise the tax pursuant to section 233 of the Tax Law, on the contingent remainder interests in this estate, resolves itself into the narrow question of whether or not Alfred H. Nollman, who is named as the primary income beneficiary under the trust erected by the " Sixteenth " item of the will, received a vested interest in the remainder.

The duration of the trust is measured by the lives of Alfred H. Nollman and William B. Nollman, with the further limitation that

it shall not, in any event, continue beyond the 4th day of May, 1939.

Upon the termination through either cause, the trustees are directed to " divide the principal * * * into as many equal parts as shall be the aggregate number of persons, consisting of my nephew, Alfred H. Nollman, his children then surviving, and his children who shall have previously died leaving issue then surviving, and that my trustees then pay to my beloved nephew, Alfred H. Nollman, one of such equal parts, to each child of my said beloved nephew Alfred H. Nollman then surviving one of such equal parts, and to the issue then surviving of each child of the said Alfred H. Nollman who shall have died previously thereto, collectively, one of such equal parts."

The petitioner contends, in effect, that two conditions should be read into the words of gift, namely, by the insertion of the words " if he be then living " or their equivalent after the name of the nephew in the first two places in which it occurs in the foregoing excerpt.

In the opinion of the court the adoption of such a course would amount to an unwarrantable testamentary fabrication on its part. The direction as written is wholly comprehensible and fully capable of execution.

It has frequently been held that there is nothing incongruous in a gift of all or a part of the remainder of a trust to a person by whose life its duration is measured. (*Doane* v. *Mercantile Trust Co.*, 160 N. Y. 494, 500; *U. S. Trust Co.* v. *Taylor*, 193 App. Div. 153, 156; affd., 232 N. Y. 609; *Matter of Roth*, 234 App. Div. 474, 477; *Matter of Foster*, 133 Misc. 222, 224; affd., 227 App. Div. 668; *Matter of Leonard*, 143 Misc. 172, 184.)

In the present instance that is precisely what the testatrix has done in unambiguous and wholly unmistakable terms, not once merely, but twice. In the first instance she has directed that in the calculation of the number of parts into which the corpus shall be divided, one shall be set apart for Alfred H. Nollman. In the second, she directs that the part so set aside for Alfred H. Nollman shall be paid to him.

It is wholly patent that the testatrix contemplated the possibility of his death prior to the time for distribution since the termination of the trust was expressly conditioned in part " upon the death of both the said Alfred H. Nollman and William B. Nollman " and provided for the specified distribution if this alternate contingency should chance to eventuate.

Whereas the court deems the language employed wholly unambiguous, so that the usual canons of construction are inapplicable

(*Robinson* v. *Martin,* 200 N. Y. 159, 164; *Matter of Brush,* 154 Misc. 480, 491; affd., 247 App. Div. 760), yet, if to my mind the contrary appeared to be the fact, every applicable principle of testamentary construction would tend to a like result.

It is primary that where two interpretations of a will are conceivable, one of which would result in partial intestacy and the other in complete testacy, the latter is to be preferred. (*Matter of McGowan,* 134 Misc. 409, 411; affd., 228 App. Div. 779; affd., 254 N. Y. 513; *Matter of Rossiter,* 134 Misc. 837, 840; affd., 229 App. Div. 730; affd., 254 N. Y. 583; *Matter of Weissman,* 137 Misc. 113, 119; affd. on opinion of this court, 232 App. Div. 698; *Matter of Weil,* 151 Misc. 841, 848; affd., 245 App. Div. 822; *Matter of Green,* 160 Misc. 490, 492.)

Likewise, the law favors that interpretation of a testamentary script which will effect the vesting of estates as soon as possible after the death of the testator. (*Riker* v. *Gwynne,* 201 N. Y. 143, 149; *Bowditch* v. *Ayrault,* 138 id. 222, 228; *Whitman* v. *Terry,* 196 App. Div. 282, 287; *Williams* v. *Williams,* 152 id. 323, 325; *Matter of Milhau,* 151 Misc. 283, 289; *Matter of Cary,* 154 id. 682, 683.)

In the present instance there is a clear gift in every contingency to Alfred H. Nollman, which is made to him nominatim. Such a bequest has uniformly been determined to bestow a vested interest on the donee. (*Matter of Gardner,* 140 N. Y. 122, 129; *Matter of Young,* 145 id. 535, 537, 538; *Matter of Traver,* 161 id. 54, 57; *Roosa* v. *Harrington,* 171 id. 341, 353; *McLean* v. *McLean,* 207 id. 365, 375; *Matter of Lamb,* 182 App. Div. 180, 186; affd., 224 N. Y. 577; *Carr* v. *Smith,* 25 App. Div. 214, 216; affd., 161 N. Y. 636; *Matter of Soy,* 143 Misc. 217, 221; *Matter of Perlmutter,* 156 id. 571, 573, 574; *Matter of Stutzer,* 156 id. 684, 686, 687.)

The will gives obvious internal evidence of being the product of the labors of a competent and experienced testamentary draftsman, wherefore its language is to be accorded a strict legal connotation. (*Matter of Corlies,* 150 Misc. 596, 598; affd., 242 App. Div. 703; *Matter of Eger,* 139 Misc. 59, 61; *Matter of Mann,* 138 id. 42, 50; *Matter of Duffy,* 143 id. 421, 424; *Matter of Frank,* 153 id. 688, 690; *Matter of Nebe,* 155 id. 392, 395.)

The draftsman has, in respect to gifts to others, demonstrated his ability to indicate in apt language the desire to condition their effectiveness on survivorship to the date of distribution, wherefore his pointed omission of any such limitation in respect to the gift to Alfred H. Nollman argues strongly that here a different result was contemplated. (*Matter of Wells,* 113 N. Y. 396, 402; *Matter of Goldmark,* 186 App. Div. 447, 451; *Matter of Voight,* 178 id. 751,

755; *Matter of Corlies*, 150 Misc. 596, 599; affd., 242 App. Div. 703; *Matter of Mann*, 138 Misc. 42, 52; *Matter of Hallet*, 8 Paige, 375, 378.)

It is a fact familiar to competent testamentary draftsmen that nothing in the art affords such excruciating pain as the discovery that, having been employed for the purpose of preparing a complete and effective testamentary disposition of a client's property, an inadvertent slip in the process has created a potential intestacy. As noted, the will at bar gives evidence of such competent authorship; indeed, its second item raises an inference that it was the work of a member of the very firm which now argues so eloquently that an intestacy of a major portion of the assets of the estate is conceivable under its dispositive directions. Whereas the bench and bar frequently indulge the polite fiction that the language of such an instrument is that of the testator or testatrix, this is, of course, not so, except by application of a principle roughly analogous to that of *respondeat superior*. Such being the fact, it imposes a rather severe strain on the imagination to assume that the draftsman intended to make a provision which might conceivably result in the involuntary devolution of the major portion of the property of the testatrix to persons whom she obviously desired (see item " seventeenth ") to exclude from additional participation therein. The only conceivable advantage attainable by creating such a potentiality would be to decrease the amount of compromise tax, as is here attempted, under a statute which was not enacted until more than twenty-seven months after the will was executed. Whereas the court readily concedes competence in draftsmanship to the author of the document, the possession of such an extraordinary gift of prophesy places an undue strain upon the imagination.

Rather is the inference to be indulged that the draftsman deliberately made the gift to the preferred nephew one which must be effectuated in every contingency so that the stigma of intestacy might not attach to his handiwork. The entire residuary direction evidences the desire to benefit this nephew and those most closely connected with him — the latter only by reason of their relationship to him. It is then most appropriate that in the event that none within this description survived to enjoy the remainder, the testatrix should wish it to pass to those who would be the indicated or natural beneficiaries of this nephew upon his death. The direction, as written, accords him substantially a power of testamentary appointment over the share dedicated to him in the event of his predecease.

In conclusion, the court is fully in accord with the observations of Mr. Justice CLARK in *Wright* v. *Wright* (118 N. Y. Supp. 994,

996, not otherwise reported; affd., 140 App. Div. 634): "The court should not read into a man's will language which he did not use, or so construe it that his intention, as expressed in the will, will be thwarted. * * * In construing a will the court should give the language used its natural meaning, and not any forced and unnatural meaning for the purpose of spelling out a theory by which it can be said that the testator intended to do something which his language shows he did not intend."

It is accordingly determined that the remainder gift to Alfred H. Nollman was vested, and the compromise calculations will be predicated on this premise.

Proceed in conformity herewith.