# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**614**
**CA 13-01772**

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, SCONIERS, AND WHALEN, JJ.

---

IN THE MATTER OF THE ESTATE OF JOHN WAGNER,
DECEASED.
------------------------------------------------
CANANDAIGUA NATIONAL BANK AND TRUST COMPANY,
PETITIONER-RESPONDENT;

MEMORANDUM AND ORDER

SALLY BAUMANN, OBJECTANT-RESPONDENT;

COLIN DESROSIERS AND MICHELLE DESROSIERS,
OBJECTANTS-APPELLANTS.
(APPEAL NO. 2.)

---

LACY KATZEN LLP, ROCHESTER (RACHELLE H. NUHFER OF COUNSEL), FOR
OBJECTANTS-APPELLANTS.

LAW OFFICE OF HEIDI W. FEINBERG, ROCHESTER (HEIDI W. FEINBERG OF COUNSEL),
FOR PETITIONER-RESPONDENT.

WOODS OVIATT GILMAN LLP, ROCHESTER (RENÉ H. REIXACH OF COUNSEL), FOR
OBJECTANT-RESPONDENT.

---

Appeal from a decree of the Surrogate's Court, Monroe County (Edmund A. Calvaruso, S.), entered September 3, 2013. The decree granted the petition to terminate a testamentary trust and ordered that the remaining balance of the trust be delivered to Sally Baumann.

It is hereby ORDERED that the decree so appealed from is modified on the law by vacating the third decretal paragraph and as modified the decree is affirmed without costs, and the matter is remitted to Surrogate's Court, Monroe County, for further proceedings in accordance with the following Memorandum: Petitioner and trustee Canandaigua National Bank and Trust Company (CNB) commenced this proceeding in Surrogate's Court to terminate the testamentary trust of decedent John Wagner pursuant to EPTL 7-1.19 as uneconomical. Decedent's grandchildren, i.e., the objectants-appellants herein (hereafter, grandchildren), moved for summary judgment seeking the principal of the trust, and Sally Baumann cross-moved for the same relief. Article V (B) of decedent's will established a trust for Baumann's benefit during her lifetime, permitting Baumann to live in decedent's residence and to receive the net income from the trust, and authorizing CNB, in its discretion, to use the principal for capital improvements to the residence. Decedent granted Baumann no right to the trust principal, but provided that, upon Baumann's death, the remaining trust principal, i.e., the property funding the trust, would be distributed to decedent's grandchildren, per stirpes.

Article VII (E) of decedent's will provided that, if "any trust" were terminated as uneconomical, the trust assets would be distributed to the "income beneficiary or beneficiaries" at the time of termination. It is undisputed on appeal that the subject trust was terminated as uneconomical pursuant to EPTL 7-1.19 because the costs of administering the trust exceeded the income generated by the trust.

In appeal No. 1, the grandchildren appeal from an order granting CNB's petition to terminate the trust and directing that the trust principal be distributed to Baumann and, in appeal No. 2, they appeal from the decree entered upon that order. As a preliminary matter, we note that, inasmuch as the order in appeal No. 1 is subsumed in the decree in appeal No. 2, we dismiss the appeal from the order in appeal No. 1 (see CPLR 5501 [a] [1]; SCPA 2701 [1] [b]; *Matter of Kalkman [Coulter]*, 77 AD3d 1287, 1289).

We agree with the grandchildren that the Surrogate erred in granting Baumann's cross motion for summary judgment and in directing that the trust principal be distributed to her. In determining the distribution of assets upon termination of an uneconomical trust, we must "effectuate the intention of the creator" of the trust (EPTL 7-1.19). In determining decedent's intention, we must engage in "a sympathetic reading of the will as an entirety and in view of all the facts and circumstances under which the provisions of the will were framed" (*Matter of Fabbri*, 2 NY2d 236, 240; *see Matter of Sawyer*, 4 AD3d 800, 801-802). If a "dominant purpose" can be discerned from reading the will, the individual provisions of the will must be read and given effect in light of that purpose (see *Fabbri*, 2 NY2d at 240). " '[W]here a will is capable of two interpretations, the one should be adopted which prefers persons of the testator's blood' " (*Matter of Symonds*, 79 AD2d 24, 26).

Here, there are two provisions in the will regarding the distribution of the trust principal. Article V (B) (4) provides that, upon the beneficiary's death, the property of the trust is to be distributed equally to the grandchildren. Article VII (E), however, states that the trustee may terminate any uneconomical trust and distribute the assets of the trust to the current income beneficiary, i.e., Baumann. We conclude that decedent intended to benefit both Baumann and the grandchildren and, thus, that the Surrogate erred in awarding the entire trust principal to Baumann. We also recognize, however, that decedent intended the trust to benefit Baumann during her lifetime and, thus, that the trust principal cannot be awarded entirely to the grandchildren. In light of those competing interests, we remit the matter to Surrogate's Court to determine "[t]he distribution of the trust assets . . . in such manner, proportions and shares as in the judgment of the court will effectuate the intention of the creator" (EPTL 7-1.19 [a] [2]).

All concur except PERADOTTO and LINDLEY, JJ., who dissent and vote to affirm in the following Memorandum: We respectfully dissent. In our view, Surrogate's Court properly determined that the language of decedent's will is clear and unambiguous, and that the will must therefore be enforced according to its terms. We would thus affirm the decree in appeal No. 2. It is well settled that "testamentary instruments are strictly construed so as to give full effect to the testator's clear intent" (*Matter of Covert*, 97 NY2d 68, 74; *see Matter of Murray*, 84 AD3d 106, 113, *lv*

*denied* 18 NY3d 874), and that the best evidence of the testator's intent is found in the clear and unambiguous language of the will itself (*see Matter of Walker*, 64 NY2d 354, 357-358; *Matter of Cord*, 58 NY2d 539, 544, *rearg denied* 60 NY2d 586). Although the testator's intent "must be gleaned not from a single word or phrase but from a sympathetic reading of the will as an entirety and in view of all the facts and circumstances under which the provisions of the will were framed" (*Matter of Fabbri*, 2 NY2d 236, 240; *see Matter of Brignole*, 32 AD3d 538, 538-539), a court "may not rewrite a will 'in order to give effect to an intention which possibly the testator may have had but which is not revealed by the language used in the will' " (*Matter of Rutherford*, 125 AD2d 312, 313, quoting *Matter of Nelson*, 268 NY 255, 258; *see Matter of Cincotta*, 106 AD3d 998, 998, *lv denied* 22 NY3d 857).

Here, unlike the majority, we perceive no conflict between article V (B) of decedent's will and article VII (E). Article V (B) provides, inter alia, that the trust "beneficiary[, i.e., Sally Baumann,] shall retain no right to receive the trust principal or to have my Trustee distribute the trust principal to the beneficiary for her benefit or her estate," and that, upon Baumann's death, the "remaining trust property" shall be distributed in equal shares to decedent's grandchildren, i.e., the objectants-appellants herein (hereafter, grandchildren). Article VII (E) provides that, if the Trustee terminates the trust because it is uneconomical, the assets of the trust shall be given to "the current income beneficiary[, i.e., Baumann,] or beneficiaries in the proportions in which they are entitled to the income therefrom."

The two articles may be read in harmony as providing that, if the trust exists upon Baumann's death, the trust principal shall go to the grandchildren, but that the principal shall go to Baumann if the trust is terminated as uneconomical while Baumann is still alive. We thus agree with the Surrogate that a "plain reading of the Will compels a logical progression that once the Trust is collapsed, the prohibition against principal distributions is no longer operable and the corpus on hand is payable to the Beneficiary."

In our view, the conclusion reached by the majority is premised on the unstated assumption that decedent made a mistake in his will, and that he did not intend for Baumann to receive the trust proceeds upon termination of the trust as uneconomical, as clearly and unambiguously provided for in article VII (E). We agree with the Surrogate that the principles set forth in *Wright v Wright* (118 NYS 994, 996, *affd* 140 AD 634) apply to this case, i.e., that a " 'court should not read into a man's will language which he did not use, or so construe it that his intention, as expressed in the will, will be thwarted, and the court cannot devise a new scheme for a testator or

make a new will.' "

Entered:  August 8, 2014                          Frances E. Cafarell
                                                  Clerk of the Court