■ JOSEPH C. GAIGAL, Appellant, v NOEL C. LAUB, Respondent. [653 NYS2d 637] -—In an action, *inter alia*, for a judgment declaring an amendment to a declaration of trust invalid, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Suffolk County (Hall, J.), entered November 30, 1995, which, *inter alia*, denied his motion for summary judgment, granted the defendant's cross motion for summary judgment, and declared the amendment valid.

Ordered that the order and judgment is reversed, on the law, with costs, the plaintiff's motion is granted, the defendant's cross motion is denied, and the matter is remitted to the Supreme Court, Suffolk County, for entry of an appropriate amended judgment consistent herewith.

On June 15, 1981, Joseph Frank Gaigal and Helen Lena Gaigal, husband and wife, executed a quitclaim deed transferring title to their home to themselves as trustees under the terms of a declaration of trust which was executed on the same date, and named the plaintiff, their son, and the defendant, their daughter, as beneficiaries.

Paragraph 5 of the declaration of trust stated: "We reserve unto ourselves the power and right at any time during our lifetime to amend or revoke in whole or in part the trust hereby created without the necessity of obtaining the consent of any beneficiary and without giving notice to any beneficiary. The sale or other disposition by us of the whole or any part of the property held hereunder shall constitute as to such whole or part a revocation of this Trust."

Paragraph 7 of the declaration of trust stated, in relevant part: "In the event of the physical or mental incapacity or death of one of us, the survivor shall continue as sole trustee."

After the wife died, the husband revoked the trust and executed a new declaration of trust, dated January 19, 1994, making the defendant sole beneficiary and the defendant's son a contingent beneficiary. After the husband's death, the plaintiff commenced this action, *inter alia*, for a judgment declaring that the plaintiff and the defendant are tenants in common of the premises pursuant to the declaration of trust dated June 15, 1981, on the ground that it became irrevocable after the

death of his mother. The court concluded that the revocation of the original trust was valid, and that the words "our lifetime" in paragraph 5 meant the lifetime of the creator who lived the longest because, upon the death of one creator, the surviving creator became the sole trustee. We disagree.

A trustee, by definition, is the person who holds legal title to the trust corpus for the benefit of the beneficiaries (*see*, EPTL 7-2.1). The creator of the trust is the person who makes the disposition of property to the trust (*see*, EPTL 1-2.2). Although in this case the creators were also the trustees, the provision which granted the creators the power of revocation during their lifetime must be construed independently of the provision which made the surviving trustee the sole trustee.

Pursuant to paragraph 5 of the declaration of trust dated June 15, 1981, the creators had the power to revoke the trust without the consent of the beneficiaries. However, following the death of one of the creators, the declaration of trust dated June 15, 1981, became irrevocable (*see, Culver v Title Guar. & Trust Co.*, 296 NY 74, 77-78; *Rosner v Caplow*, 90 AD2d 44, 49, *affd* 60 NY2d 880; EPTL 7-1.9). Accordingly, the husband's attempted revocation was of no force and effect. Rosenblatt, J. P., Sullivan, Altman and Goldstein, JJ., concur.