■ In the Matter of the Estate of MILDRED L. SOUTER, Deceased. DARRYL SOUTER et al., Appellants; WILLIAM SOUTER, Respondent. [701 NYS2d 546] —Decree unanimously affirmed without costs. Memorandum: Mildred L. Souter (decedent) died on September 19, 1996, and her last will and testament dated September 14, 1992 was admitted to probate on May 28, 1997. When she executed her will, decedent had four living children and one child who predeceased her. At the time of her death,

another child, Paul Souter, had predeceased her. Paul Souter's children brought this proceeding requesting that Surrogate's Court construe the third article of the will to permit them to take their father's share of the estate pursuant to EPTL 3-3.3, the anti-lapse statute.

The third article, subparagraph (ii) of the will reads as follows: "[a]ll the rest, residue and remainder of my estate, I give devise and bequeath to my children, Norvyn W. Souter, Jr., Paul Souter, Pauline Grunberger and William Souter, in equal shares, or all to the survivor should only one of them survive me." The court construed that paragraph to mean that decedent's surviving children share the residuary estate equally. Petitioners contend that the subject provision is clear and unambiguous and requires the application of the anti-lapse statute.

We agree with the court that the residuary estate is to be shared equally by decedent's surviving children, but our reasoning differs. The court erred in rewriting the will to read "[a]ll to my children who survive me in equal shares." " 'The duty of the court is not to make a new will * * * to carry out some supposed but undisclosed purpose, but to ascertain what the testator actually intended by the language employed by [her] when properly interpreted' " (*Matter of Jones,* 38 NY2d 189, 193; *see also, Matter of Fabbri,* 2 NY2d 236, 239-240).

The anti-lapse statute creates an inference that decedent intended to benefit a descendant of a legatee, but the statute is inapplicable when the will provides evidence of a contrary intent (*see,* EPTL 3-3.3 [a]; *Matter of Hanf,* 99 AD2d 673). We conclude that the intent of decedent not to benefit her grandchildren is demonstrated by the provisions of her will. Because her husband predeceased her, the residuary estate of decedent went to her children, whom she named, with no reference to "issue", "decedents" or "grandchildren". Furthermore, one of the children received a life estate in real property, but there was no gift over to that child's daughter if the child predeceased decedent; nor did the will provide for the son of decedent's daughter who died before the will was executed. Finally, to construe the subject clause literally would lead to an absurd result, i.e., if two or three of the children survived, the children of the nonsurviving children would take a share, but if only one of the children survived, the grandchildren would not take under the will.

We conclude that it was the intention of decedent that the anti-lapse statute not apply. Paul Souter's share of the residu-

ary estate therefore lapses and must be distributed pursuant to EPTL 3-3.4. Thus, the three surviving residuary beneficiaries share the residuary estate equally. (Appeal from Decree of Erie County Surrogate's Court, Mattina, S.—EPTL.) Present—Pine, J. P., Hayes, Wisner, Pigott, Jr., and Scudder, JJ.