■ In the Matter of the Accounting of BRANDON R. SALL, as Executor of SEYMOUR GROSSMAN, Deceased, Respondent; SETH GROSSMAN et al., Appellants, and HERBERT E. NASS, Nonparty Respondent. [739 NYS2d 363] —Order, Surrogate's Court, New York County (Renee Roth, S.), entered on or about January 22, 2001, which, in an accounting proceeding, upon denying objectants' motion to modify a Referee's report and granting respondent coexecutor's cross motion to confirm it, inter alia, awarded legal fees of $6,500 and $42,000 to the estate's former and current attorneys, respectively, unanimously modified, on the law, to vacate the direction that $17,000 of such fees be paid by objectants personally, and otherwise affirmed, without costs. Order, same court and Surrogate, entered on or about June 25, 2001, which awarded the Referee a fee of $160,000 taxable as costs against objectants personally, modified, on the facts, to reduce such fee to $60,000, and otherwise affirmed, without costs.

The challenged awards of attorneys' fees were for services all properly related to the administration of the estate, and were otherwise proper exercises of the Surrogate's "unquestionably broad discretion" to fix such fees (*see, Matter of Urbach*, 252 AD2d 318, 322). However, notwithstanding that a large portion of the legal services were necessitated by objectants' unwarranted litigiousness, such discretion "does not authorize [the Surrogate] to charge a beneficiary for the counsel fees incurred by an executor" (*id.*, citing SCPA 2110 and, inter alia, *Matter of Dillon*, 28 NY2d 597). Accordingly, we modify to vacate the direction that objectants personally pay the portion of the estate's legal fees left unpaid by reason of the exhaustion of the estate's testamentary assets. We otherwise decline to disturb the Referee's findings.

Concerning the fee awarded to the Referee, while objectants, the losing side, were properly directed to pay it personally (*see*, SCPA 2301), the amount awarded reflects that insufficient weight was given to the unduly excessive amount of time that the Referee spent in preparing the report. According to the

Referee's time sheets, he spent 318.75 hours over three years ($111,000) writing his 97-page report. He also billed for 182.5 hours of associate time ($45,000). We find no justification for the expenditure of so much time, while noting that the decedent left testamentary assets of approximately $60,000 and nontestamentary assets of approximately $1 million. Accordingly, we modify to reduce the award to $60,000, representing $23,000 for the Referee's work at the hearing, $17,000 for his prehearing work and $20,000 for the report. We have considered objectants' other arguments and find them unavailing.

Rubin, J., dissents with respect to the order entered June 25, 2001 and would affirm that order for the reasons stated by Surrogate Roth. Concur—Nardelli, J.P., Tom, Sullivan and Friedman, JJ.