■ In the Matter of the Estate of WILSON M. SAWYER, Deceased. JAY JOHN SAWYER, as Executor of WILSON M. SAWYER, Deceased, Respondent; DALE A. LANCE et al., Appellants, ATTORNEY GENERAL OF STATE OF NEW YORK, Respondent, et al., Respondent. [772 NYS2d 170]—

Appeals from an order of the Surrogate's Court, Oswego County (John J. Elliott, S.), entered August 29, 2002 in a proceeding commenced pursuant to SCPA 1420. The order, inter alia, granted petitioner's cross motion for summary judgment on the petition.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Wilson M. Sawyer (decedent) died on February 9, 2000 and his will dated November 15, 1993 was thereafter admitted to probate. The executor of decedent's estate filed a petition seeking an order construing the will and determining that EPTL 3-3.3, the anti-lapse statute, does not apply to testamentary dispositions made to those of decedent's siblings who predeceased decedent. Because the intent of the testator not to benefit the children of those siblings is evidenced by the terms of the will, we conclude that Surrogate's Court properly determined that the anti-lapse statute does not apply here.

Pursuant to the terms of the will, the five siblings of decedent who were living at the time the will was executed as well as one nephew were each to receive 7.5% of decedent's estate. Seven of decedent's siblings were deceased when the will was executed, including the mother of the nephew who was to receive 7.5% of the estate. In addition to the dispositions to his siblings and his nephew, decedent left portions of his estate to a woman who is not a relative and to three charities. The will provides that, "In the event that anyone [sic] of the foregoing gifts lapse, the rest and remainder of my estate . . . shall be divided among the survivors." By the time of decedent's death, four of the siblings who were to receive 7.5% of decedent's estate had predeceased decedent. The will did not refer to the children of those siblings. However, with respect to the sibling who survived decedent, the will provides, "I give 7.5% of my estate to . . . Jay Sawyer or his issue."

"The anti-lapse statute creates an inference that decedent intended to benefit a descendant of a legatee, but the statute is inapplicable when the will provides evidence of a contrary intent" (*Matter of Souter*, 267 AD2d 1004, 1005 [1999]). "[I]n construing a will, the intention of the testator must be our 'absolute guide' . . . That intent is to be ascertained 'not from a single word or phrase but *from a sympathetic reading of the will as an entirety* and in view of all the facts and circumstances

under which the provisions of the will were framed' " (*Matter of Bieley*, 91 NY2d 520, 525 [1998]; *see Matter of Fabbri*, 2 NY2d 236, 239-240 [1957], *rearg denied* 2 NY2d 979 [1957]). The intent of decedent to benefit only certain of his 40 nieces and nephews is evidenced by the fact that only those nieces and nephews are mentioned in the will. The siblings of the nephew who was named as a beneficiary were not included as beneficiaries, and decedent provided for only the issue of Jay Sawyer to take under the will in the event that their father died before decedent.

Even assuming, arguendo, that the language of the will is ambiguous, we conclude that petitioner resolved any ambiguity by submitting the affidavit of the attorney who drafted the will. Although the best evidence of intent is the "clear and unambiguous language of the will itself," extrinsic evidence is permitted to assist the court in determining the decedent's intent (*Matter of Luposello*, 225 AD2d 551, 552 [1996]). Here, the attorney who drafted the will stated that he explained to decedent that, under an earlier will that he had been retained by decedent to revise, the children of decedent's siblings would take their respective parent's share of the estate if their parent died before decedent. Decedent made it clear to the attorney that he wanted only the nephew named as a beneficiary and the children of his brother Jay to share in the estate. That extrinsic evidence was not used to "vary, contradict or add to the terms of [the] will or to show an intention different than that disclosed by the language employed" (*id.*), and thus we conclude that the court properly considered that evidence and granted petitioner's cross motion seeking summary judgment on the petition. Present—Green, J.P., Wisner, Scudder, Gorski and Lawton, JJ.