■ In the Matter of the Estate of ROBERT PALMA, Deceased. DONALD D. DE ANGELIS et al., as Preliminary Executors of ROBERT PALMA, Deceased, Respondents; ST. JUDE CHILDREN'S RESEARCH HOSPITAL, Appellant. HOWARD G. CARPENTER JR., as Guardian of FILOMENA PALMA, Respondent. [793 NYS2d 573]—

Cardona, P.J. Appeal from an order of the Surrogate's Court of Schenectady County (Kramer, S.), entered October 24, 2003, which granted petitioners' motion for authorization to compromise an account pursuant to SCPA 1813.

The record indicates that, for over 50 years, decedent and his wife, Filomena Palma (hereinafter collectively referred to as the Palmas), successfully operated various businesses individually and through corporate entities. During that time period, the Palmas' accountant and bookkeepers maintained in their work papers an internal account, labeled by one of the bookkeepers in the 1940s as a "loan account" (hereinafter referred to as the Filomena account), which detailed certain transfers of funds that decedent made to his wife during his lifetime.

In March 1996, Filomena Palma became unable to handle her own affairs and required extensive care. On March 25, 2000, decedent executed a last will and testament which not only named his wife as a legatee, but also the primary beneficiary of a $1 million health care trust created for the purpose of paying, among other things, his wife's uninsured health care expenses. The will also named respondent as the residual beneficiary of that trust. In October 2000, a court order was entered appointing Howard Carpenter Jr. as the guardian of Filomena Palma's property. Decedent died on November 8, 2000. Decedent's will was probated, however, difficulties arose as there was insufficient money in the estate to fund the $1 million health care trust. Since examination of the Filomena account revealed that, at the time of decedent's death, his wife allegedly owed him $1.7 million, a question was raised as to whether that amount

constituted a valid loan that could be collected by decedent's estate.

Petitioners, preliminary executors of decedent's estate, commenced this proceeding seeking advice and direction from Surrogate's Court pursuant to SCPA 2107 or, alternatively, the court's authorization, pursuant to SCPA 1813, to permit the compromise of the purported loan owed by Filomena Palma for the sum of $100,000. Respondent filed objections to the petition and Surrogate's Court directed a fact-finding hearing to consider the compromise. Thereafter, based upon the testimony of individuals with personal knowledge of decedent's financial records, Surrogate's Court determined, among other things, that the Filomena account was not a loan and the compromise in the amount of $100,000 was appropriate. Respondent appeals.

Initially, respondent contends that Surrogate's Court improperly denied its request for a jury trial. Even if respondent had not waived the issue by failing to demand a jury trial in its answer or objections to the petition (*see* SCPA 502 [1], [2], [5] [a] [i]), a question remains as to whether a jury trial would be available given the fact that the language in both SCPA 2107 and 1813 expressly contemplate *judicial* advice or approval of a proposed compromise or settlement. Notably, in situations where SCPA proceedings are "essentially equitable in nature," they do not require jury trials (*Matter of Sackler*, 222 AD2d 9, 11 [1996]). In any event, given respondent's waiver and the circumstances presented herein, we find no basis to disturb Surrogate's Court's ruling denying respondent's request for a jury trial.

Turning to the merits, under the particular circumstances of this case, we find no abuse of discretion in the approval of the $100,000 compromise by Surrogate's Court. Surrogate's Court did not abuse its discretion in determining that the monetary transfers from decedent to his wife were not loans and, therefore, not intended to be repaid. Generally, in determining whether a valid loan exists, courts consider, among other things, whether notes or other written acknowledgment of indebtedness were executed, collateral was given, a method or time for repayment was fixed by agreement and if there exists any evidence of systematic repayment (*see Gurtman v United States*, 237 F Supp 533 [1965], *affd* 353 F2d 212 [1965]).

Here, the record is devoid of any evidence of collateral, method or time for repayment, accrual of interest, systematic repayment or indicia that the obligation would satisfy the statute of frauds (*see* General Obligations Law § 5-701 [a] [1]). Additionally, there exists no promissory note or written acknowl-

edgment that decedent intended the transfers to be loans or that he expected them to be repaid. The proof established that decedent never attempted to collect on the alleged debt. We do not agree with respondent's contention that since the Filomena account was labeled a "loan," such reference constituted a "deliberate admission" that the transfers were intended to be a loan that should be collected by the estate. In his affidavit, Ralph Di Vietro, an accountant who worked for decedent from 1990 onward, stated that "[t]o the best of [his] knowledge the continued use of the label of a 'Loan' Account was a historic misnomer" made by an accountant who established the account over 50 years ago. Further, Di Vietro explained that "[e]ntries to that account were not memorializing a loan, but rather bookkeeping entries that were required to balance the books." Given that proof, we find no basis to disturb Surrogate's Court's determinations.

Furthermore, we are unpersuaded by respondent's claim that petitioners breached their fiduciary duty to the estate by seeking to compromise a $1.7 million claim for $100,000. To the contrary, the record reveals that petitioners fulfilled their obligations to investigate the Filomena account (*see Matter of Donner*, 82 NY2d 574, 578 [1993]) and rationally determined that the Filomena account was not an enforceable valid loan and a compromise would be the best means to settle all of the various interests in decedent's estate. Inasmuch as the record indicates that petitioners herein attempted to preserve as much of the estate as possible by avoiding expensive litigation, we conclude that they did not breach their fiduciary duties to the estate and Surrogate's Court did not abuse its discretion in approving the compromise.

Mercure, Peters, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.