860

In the Matter of the Estate of PATRICK J. MARSHALL, Deceased. KORLEEN S. MARSHALL, Individually and as Executrix of PATRICK J. MARSHALL, Deceased, Respondent; MICHAEL M. MARSHALL, Appellant. [809 NYS2d 753]—

Appeal from a judgment of the Surrogate's Court, Jefferson County (Peter A. Schwerzmann, S.), entered March 3, 2005. The judgment, inter alia, granted the petition.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law without costs and the petition is dismissed.

Memorandum: Petitioner commenced this proceeding, individually and as executrix of the estate of her husband (decedent), seeking reimbursement for the amount allegedly paid as a loan by decedent to respondent, his brother. We note at the outset that the order from which the appeal was taken was subsumed in the judgment. In the exercise of our discretion, we treat petitioner's notice of appeal as valid and deem the appeal as taken from the judgment (see Hughes v Nussbaumer, Clarke & Velzy, 140 AD2d 988 [1988]; see also CPLR 5520 [c]).

Respondent and decedent had agreed to purchase a cooperative apartment unit located in Florida. According to the undisputed terms of that agreement, decedent was to pay for the unit and respondent was to live in the unit and to prepare it for sale. In May 2002 decedent used approximately $37,000 from a joint account with petitioner to purchase the unit, and title to the unit was placed in both decedent's and respondent's names "as joint tenants with rights of survivor[ship]." Decedent died in August 2003, and respondent thereafter sold the unit for $62,000. There is no dispute that respondent, as surviving joint tenant, was the sole owner of the unit. Petitioner alleged in the petition, however, that the amount paid to purchase the unit was merely a loan to respondent. We conclude that Surrogate's Court erred in granting the petition.

In determining whether the purchase money was a loan, we must consider, "among other things, whether notes or other written acknowledgment of indebtedness were executed, collat-

eral was given, a method or time for repayment was fixed by agreement and if there exists any evidence of systematic repayment" (*Matter of Palma*, 17 AD3d 817, 818 [2005]). Here, there is no writing establishing that the purchase money was a loan to respondent and, indeed, petitioner testified at the hearing on the petition that the purchase money was not a loan to respondent. Furthermore, the record establishes that one of the checks at issue was made payable to one of the sellers of the unit, while the other check was made payable to the bank. We therefore reverse the judgment and dismiss the petition. Present—Pigott, Jr., P.J., Hurlbutt, Gorski and Smith, JJ.