■ EDITH WIENER, as an Individual Partner of ABSAR GERARD ASSOCIATES and as Coexecutrix of JOHANNA W. ACKERMAN, Deceased, Respondent, v LAURA SPAHN et al., Appellants. [876 NYS2d 380]—

Order, Supreme Court, Bronx County (Alexander W. Hunter, Jr., J.), entered on or about August 8, 2008, which denied the motions of defendants' Laura Spahn and Chaim Schweid to dismiss the complaint pursuant to CPLR 3211 (a) (1), (3) and (7), unanimously affirmed, without costs.

Defendants are not entitled to dismissal of the complaint pursuant to CPLR 3211 (a) (1), since they have not demonstrated that the documentary evidence definitively resolves all material issues of fact, thereby resulting in the failure of plaintiff's claim as a matter of law (see 511 W. 232nd Owners Corp. v Jennifer Realty Co., 98 NY2d 144 [2002]; Foster v Kovner, 44 AD3d 23, 28 [2007]). Accepting as true the facts alleged in the complaint for the purpose of the motion, according plaintiff the benefit of every favorable inference, and determining whether the facts as alleged fit any cognizable legal theory (see Leon v Martinez, 84 NY2d 83, 87-88 [1994]), we reject the argument that defendant Spahn owned her share of the property individually as a tenant in common, since all of the individual owners transferred their equity interests in the property to a family partnership set up for that purpose. Spahn allegedly violated the terms of the partnership agreement, which required her to obtain the consent of the remaining partners prior to selling or assigning her interest in the property.

Defendants are also not entitled to dismissal under CPLR

3211 (a) (3) upon the ground that plaintiff lacks the capacity to sue as coexecutrix. A fiduciary has an obligation to protect the interests of the estate especially where a cofiduciary is alleged to have acted to the contrary (*see* SCPA 2102 [6]; *Matter of Wallens*, 9 NY3d 117 [2007]; *Birnbaum v Birnbaum*, 73 NY2d 461 [1989]; *see also Matter of Donner*, 82 NY2d 574 [1993]).

Finally, dismissal of the complaint was properly denied (*see Gro-Up Frocks v Manners*, 55 AD2d 531 [1976]). Concur—Tom, J.P., Saxe, Sweeny, Acosta and Freedman, JJ.