■ In the Matter of the Accounting by LAURIE C. KALKMAN, as Trustee under the L. WILLIAM COULTER FAMILY TRUST DATED JULY 20, 1994 under the Will of L. WILLIAM COULTER, Deceased, Respondent. GEOFFREY R. COULTER, Appellant. [908 NYS2d 307]—

Appeal from a decree of the Surrogate's Court, Monroe County (Edmund A. Calvaruso, S.), entered September 10, 2009. The decree, inter alia, dismissed the objections of Geoffrey R. Coulter to the final account of the trustee.

It is hereby ordered that the decree so appealed from is unanimously modified on the law by denying the cross motion in part, vacating the first and third decretal paragraphs, and reinstating objections 1 through 3, 5 through 7, and 9 through 11 in the second decretal paragraph and as modified the decree is affirmed without costs, and the matter is remitted to Surrogate's Court, Monroe County, for further proceedings on those objections in accordance with the following memorandum: The last will and testament of L. William Coulter (testator) established a trust for the benefit of his wife and his four children. The testator died in 1994 and, in order to avoid liability for estate taxes upon her death, the wife of the testator relinquished the testator's bequest of the condominium in which they resided as well as property in the Town of Indian Lake (camp). Those properties were thereafter placed in the testator's family trust and were the only assets held by the trust. It is undisputed that the testator established the trust in order to limit liability for estate taxes. The testator's wife and one of the testator's daughters (trustee) were appointed cotrustees upon the relinquishment of the appointment by the institution named as trustee by the testator. In 2004 the cotrustees determined that the trust should be terminated because of a change in the laws governing estate tax, and the cotrustees distributed the assets to four of the five beneficiaries. The condominium was transferred to the testator's wife, and the camp was transferred to the trustee and two of her siblings. Geoffrey R. Coulter (objectant) was not included in the distribution of the trust assets, nor did he sign a waiver and consent with respect to distribution of the assets. We note, however, that the objectant advised his mother by letter that he did not object to the distribution of the condominium to her, and that he objected only to being excluded from the distribution of the camp. We further note that the record contains a determination of the cotrustees and a letter from the testator's wife to her children stating that the objectant was not included in the distribution

of the camp because, among other things, the testator's wife had given him substantial monetary gifts over the prior 10 years.

Upon the death of the testator's wife in 2008, the objectant petitioned for an accounting of the trust. He thereafter objected to the account and moved for summary judgment on specified objections, seeking a one-quarter share of both the condominium and the camp properties. The trustee cross-moved for summary judgment approving the account. By a decision and order, Surrogate's Court dismissed the objections to the account and the Surrogate further stated that he shall issue a decree approving "the Final Account of the co-Trustee," thus granting the cross motion of the trustee. The Surrogate thereafter issued the subject decree. We note that the order from which the appeal was taken was subsumed in the decree (see CPLR 5501 [a] [1]; SCPA 2701 [1] [b]). Thus, in the exercise of our discretion, we treat objectant's notice of appeal as valid and deem the appeal as taken from the decree (see CPLR 5520 [c]; Matter of Marshall, 26 AD3d 860 [2006]).

The trust provides in relevant part that, "[i]n the discretion of my Trustee, [if] the income or other resources of my wife and/or my children are insufficient for their comfortable support, education and general welfare, my Trustee is authorized to pay to or for the benefit of my wife and/or my children so much of the principal of the trust fund as reasonably may be required for such purposes. No invasion of principal for any child shall be charged against the separate share which ultimately may be set aside for him. Principal shall not be so paid or applied for the benefit of any child without the prior written consent of my wife . . . ." The trust further provides that "[my] . . . Trustee, except as may be provided specifically to the contrary in my Will, may generally exercise with respect to all property all the powers which I might have exercised if personally acting, and whenever any discretion is given to my . . . Trustee, the decision . . . in good faith shall be conclusive." By its terms, the trust terminated at the death of the testator's wife, and the residuary was to be paid per stirpes to the surviving issue of the testator.

It is axiomatic that "a 'trustee owes the beneficiar[ies] an undivided duty of loyalty' . . . and 'a duty to act with the utmost good faith in administration of [the] trust' " (Matter of Giles, 74 AD3d 1499, 1503 [2010]; see Mercury Bay Boating Club v San Diego Yacht Club, 76 NY2d 256, 270 [1990]). "To determine whether a trustee's distribution of trust assets was proper, the [testator's] intent controls . . . '[T]he trust instrument is to be

construed as written and the [testator's] intention determined solely from the unambiguous language of the instrument itself' " (*Matter of Wallens*, 9 NY3d 117, 122 [2007]). Here, the unambiguous language of the trust instrument provides that the principal shall be distributed "if the income or other resources of [the testator's] wife and/or [the testator's] children are insufficient for their comfortable support, education and general welfare." With respect to the distribution of the condominium to the testator's wife, we conclude that the decision to distribute that property to her was made in good faith inasmuch as the trust did not generate income, and she was therefore paying the expenses associated with that property (*cf. id.* at 123).

With respect to the camp property, however, we conclude that the cotrustees failed to exercise the requisite reasonable care, diligence and prudence (*see generally* EPTL 11-1.7). Although the cotrustees acted in accordance with the wishes of the wife of the testator to treat her children fairly and equitably, the trust instrument did not provide them with that discretion. Indeed, pursuant to the express terms of the trust instrument, the distribution of principal to the testator's children was to be made only in the event that they lacked sufficient resources for their support and general welfare. We therefore modify the decree accordingly, and we remit the matter to Surrogate's Court for further proceedings on those objections consistent with the terms of the trust instrument. Present—Scudder, P.J., Martoche, Peradotto, Green and Gorski, JJ.