■ WILLIAM T. WHITEHOUSE et al., Respondents, v ALICE M. GAHN, Appellant. [922 NYS2d 546]—

In an action for a judgment declaring, inter alia, that a certain amendment to the Whitehouse Family Premises Trust dated August 18, 2008, is void and unenforceable and that the plaintiffs and the defendant are beneficiaries of that trust, the defendant appeals from an order of the Supreme Court, Queens County (Butler, J.), entered April 16, 2010, which denied her motion for summary judgment declaring that the amendment to the Whitehouse Family Premises Trust is valid and enforceable and that she is the sole beneficiary of that trust, and granted the cross motion of the plaintiffs for summary judgment on the complaint declaring that the amendment to the Whitehouse Family Premises Trust is void and unenforceable and that the plaintiffs and she are beneficiaries of said trust.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Queens County, for the entry of a judgment declaring that the amendment to the Whitehouse Family Premises Trust dated August 18, 2008, is void and unenforceable and that the plaintiffs and the defendant are beneficiaries of the trust.

In their lifetimes, the mother and the father of the parties to this action, as "grantors," established an "irrevocable" trust naming their three children—the two plaintiffs and the defendant—as the beneficiaries of the trust estate, consisting of the family home. The trust instrument expressly reserved to the "grantors" a limited power of appointment to "change or alter the remaindermen." Approximately five months after the father died, the mother executed a purported amendment to the trust, naming the defendant as the sole beneficiary. Less than one month after the amendment to the trust was executed, the mother died.

In this action, the plaintiffs seek a declaration that the purported amendment is a nullity, and that they and the defendant are the beneficiaries of the trust. The defendant moved for summary judgment, contending that the trust instrument permitted an amendment by the surviving grantor, and the plaintiffs cross-moved for summary judgment, contending that the trust instrument did not authorize the amendment. The Supreme Court correctly held that the trust did not permit the amendment.

"[T]he trust instrument is to be construed as written and the settlor's intention determined solely from the unambiguous language of the instrument itself" (*Mercury Bay Boating Club v San Diego Yacht Club*, 76 NY2d 256, 267 [1990]; *see Matter of Wallens*, 9 NY3d 117, 122 [2007]; *Matter of Chase Manhattan Bank*, 6 NY3d 456, 460 [2006]). Here, the trust instrument unequivocally establishes an "irrevocable" trust, expressing the "[g]rantors' intention" that their three children, as beneficiaries, share the grantors' trust estate per stirpes, reserving to the "[g]rantors," jointly, a limited power of appointment to change the remaindermen. Contrary to the defendant's contention, these unambiguous terms may not be altered by a separate provision of the trust which allows the plural usage of a word to be interpreted as the singular, since that general rule of construction applies only "whenever the context so requires." Where, as here, the trust instrument allows an amendment to be made with the joint consent of the grantors, a surviving grantor may not unilaterally amend the trust after the death of the cograntor (*see Culver v Title Guar. & Trust Co.*, 296 NY 74, 77 [1946]; *Gaigal v Laub*, 236 AD2d 362, 363 [1997]; *Rosner v Caplow*, 90 AD2d 44, 49 [1982], *affd* 60 NY2d 880 [1983]; EPTL 7-1.9).

Further, an irrevocable trust ordinarily cannot be modified except with the consent of all the beneficiaries (*see* EPTL 7-1.9; *Matter of Cord*, 58 NY2d 539, 546 [1983]). Accordingly, the Supreme Court properly granted the plaintiffs' cross motion for summary judgment on the complaint.

Since this is a declaratory judgment action, the matter must be remitted to the Supreme Court, Queens County, for the entry of a judgment declaring that the amendment to the Whitehouse Family Premises Trust dated August 18, 2008, is void and unenforceable, and that the plaintiffs and the defendant are beneficiaries of said trust (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Angiolillo, J.P., Florio, Lott and Austin, JJ., concur.