■ In the Matter of MURIEL STUART, Deceased. SHARI WEBER, Appellant-Respondent; ELLEN STUART et al., Respondents-Appellants. [967 NYS2d 114]—

In a proceeding pursuant to SCPA 2205 and SCPA 2206, inter alia, to compel an accounting of trust assets, the petitioner appeals, as limited by her brief, from so much of an order of the Surrogate's Court, Richmond County (Gigante, S.), dated February 22, 2012, as, in effect, denied that branch of her petition which was to invalidate those portions of a document dated June 1, 2006, entitled "Amendment to the Arthur Stuart and Muriel Stuart Living Trust Agreement dated February 20, 1998," which amended the original terms of an agreement entitled "Arthur Stuart and Muriel Stuart Living Trust Agreement" dated February 20, 1998, by altering the beneficiary allocation for assets designated as "Trust A" and by replacing the petitioner as successor trustee, and Ellen Stuart, Barry Stuart, and Dennis Trimper cross-appeal, as limited by their brief, from so much of the same order as, in effect, granted that branch of the petition which was to invalidate the portion of the above-mentioned document dated June 1, 2006, which amended the beneficiary allocation for assets designated as "Trust B" and "Trust C."

Ordered that the order is modified, on the law, by deleting the provision thereof, in effect, denying that branch of the petition which was to invalidate that portion of the document dated June 1, 2006, which amended the beneficiary allocation set forth in the Arthur Stuart and Muriel Stuart Living Trust Agreement dated February 20, 1998, for assets designated as "Trust A," and substituting therefor a provision granting that branch of the petition; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

On February 20, 1998, Arthur Stuart and Muriel Stuart (hereinafter the father and the mother, respectively, or together the decedents) entered into an agreement entitled "Arthur Stuart and Muriel Stuart Living Trust Agreement" (hereinafter the

subject trust), which, inter alia, allocated certain trust assets to three of their children as follows: 40% to the petitioner, Shari Weber, 30% to Ellen Stuart, and 30% to Barry Stuart (hereinafter the original beneficiary allocation). The subject trust also named these three children as successor trustees. On June 1, 2006, a few years after the father's death, the mother executed an amendment to the subject trust (hereinafter the 2006 amendment), in which she changed the beneficiary allocation so that each child received 33% of certain trust assets, and replaced the petitioner with Ellen Stuart's husband, Dennis Trimper, as successor trustee. In 2008, the mother passed away, and, thereafter, the petitioner commenced this proceeding to declare the 2006 amendment to the subject trust null and void in its entirety, arguing that the subject trust became irrevocable upon the father's death. The Surrogate's Court determined that the subject trust was partially amendable, and, as such, the mother had the singular authority to replace the petitioner as successor trustee and to amend the original beneficiary allocation, but only with respect to certain trust assets designated as "Trust A," and not those assets designated as "Trust B" and "Trust C." We conclude that, while the Surrogate's Court properly determined that the subject trust allowed the mother to replace the petitioner as a successor trustee, the mother's 2006 amendment was invalid insofar as it relates to changing the original beneficiary allocation for any of the trust assets, including those in "Trust A."

A "trust instrument is to be construed as written and the settlor's intention determined solely from the unambiguous language of the instrument itself" (*Mercury Bay Boating Club v San Diego Yacht Club*, 76 NY2d 256, 267 [1990]; *see Matter of Wallens*, 9 NY3d 117, 122 [2007]; *Matter of Chase Manhattan Bank*, 6 NY3d 456, 460 [2006]; *Whitehouse v Gahn*, 84 AD3d 949, 951 [2011]; *see generally Central Union Trust Co. v Trimble*, 255 NY 88, 93 [1930]). Here, the subject trust contained provisions establishing that it was revocable and amendable. However, contrary to the contention of the Stuarts and successor trustee Trimper (hereinafter the respondents), the provisions of the subject trust stating that it was revocable and amendable reserved such power for the "Grantor," and, reading the trust as a whole, the term in that particular context referred to the decedents together (*see Culver v Title Guar. & Trust Co.*, 296 NY 74, 77 [1946]; *Whitehouse v Gahn*, 84 AD3d at 951; *Gaigal v Laub*, 236 AD2d 362, 363 [1997]).

The respondents further argue that article IV (G) of the subject trust expressly reserved the right to a surviving spouse

to amend the beneficiary allocation. Although this issue is raised for the first time on appeal, we may review it because it presents a question of law which could not have been avoided if brought to the attention of the Surrogate's Court (*see Olim Realty v Lanaj Home Furnishings*, 65 AD3d 1318, 1320 [2009]; *Matter of State Farm Mut. Auto. Ins. Co. v Olsen*, 22 AD3d 673, 674 [2005]; *Matter of Village of Westbury v Straehle*, 307 AD2d 931, 932 [2003]; *Block v Magee*, 146 AD2d 730, 732 [1989]). Specifically, article IV (G) stated that a surviving spouse could designate the remaining principal "to or for the benefit of such one or more of my issue and in such amounts as my spouse designates by a duly probated Will which makes specific reference to the limited power of appointment," otherwise the original beneficiary allocation would apply. Contrary to the respondents' contention, in light of article IV (G), the mother's 2006 amendment of the original beneficiary allocation was ineffective as she did not comply with the terms set forth in the subject trust for changing the beneficiary allocation (*see Matter of Perosi v LiGreci*, 98 AD3d 230, 235 [2012]; *Matter of Dodge*, 25 NY2d 273 [1969]; *Whitehouse v Gahn*, 84 AD3d at 951; *Matter of Goetz*, 8 Misc 3d 200 [2005]).

Accordingly, the Surrogate's Court erred in determining that the mother's 2006 amendment was sufficient to alter the original beneficiary allocation with respect to trust assets in "Trust A," but properly determined that the original beneficiary allocation applied to "Trust B" and "Trust C."

To the extent that the petitioner argues that the mother did not have the authority to replace her as a successor trustee, the Surrogate's Court properly determined that the replacement was a valid amendment to the subject trust. The mother was granted the authority to remove a successor trustee at any time, at her discretion, by the unambiguous terms of the subject trust (*see Mercury Bay Boating Club v San Diego Yacht Club*, 76 NY2d at 267; *see also Matter of Wallens*, 9 NY3d at 122; *Matter of Chase Manhattan Bank*, 6 NY3d at 460; *Whitehouse v Gahn*, 84 AD3d at 951).

In light of the foregoing, we need not address the parties' remaining contentions. Rivera, J.P., Leventhal, Sgroi and Cohen, JJ., concur.