Appeal from a decree of the Surrogate’s Court, Monroe County (Edmund A. Calvaruso, S.), entered September 3, 2013. The decree granted the petition to terminate a testamentary trust and ordered that the remaining balance of the trust be delivered to Sally Baumann.
It is hereby ordered that the decree so appealed from is modified on the law by vacating the third decretal paragraph and as modified the decree is affirmed without costs, and the matter is remitted to Surrogate’s Court, Monroe County, for further proceedings in accordance with the following memorandum:
Petitioner and trustee Canandaigua National Bank and Trust Company (CNB) commenced this proceeding in Surrogate’s Court to terminate the testamentary trust of decedent John Wagner pursuant to EPTL 7-1.19 as uneconomical. Decedent’s grandchildren, i.e., the objectants-appellants herein (hereafter, *920 grandchildren), moved for summary judgment seeking the principal of the trust, and Sally Baumann cross-moved for the same relief. Article v (B) of decedent’s will established a trust for Baumann’s benefit during her lifetime, permitting Baumann to live in decedent’s residence and to receive the net income from the trust, and authorizing CNB, in its discretion, to use the principal for capital improvements to the residence. Decedent granted Baumann no right to the trust principal, but provided that, upon Baumann’s death, the remaining trust principal, i.e., the property funding the trust, would be distributed to decedent’s grandchildren, per stirpes.
Article VII (E) of decedent’s will provided that, if “any trust” were terminated as uneconomical, the trust assets would be distributed to the “income beneficiary or beneficiaries” at the time of termination. It is undisputed on appeal that the subject trust was terminated as uneconomical pursuant to EPTL 7-1.19 because the costs of administering the trust exceeded the income generated by the trust.
In appeal No. 1, the grandchildren appeal from an order granting CNB’s petition to terminate the trust and directing that the trust principal be distributed to Baumann and, in appeal No. 2, they appeal from the decree entered upon that order. As a preliminary matter, we note that, inasmuch as the order in appeal No. 1 is subsumed in the decree in appeal No. 2, we dismiss the appeal from the order in appeal No. 1 (see CPLR 5501 [a] [1]; SCPA 2701 [1] [b]; Matter of Kalkman [Coulter], 77 AD3d 1287, 1289 [2010]).
We agree with the grandchildren that the Surrogate erred in granting Baumann’s cross motion for summary judgment and in directing that the trust principal be distributed to her. In determining the distribution of assets upon termination of an uneconomical trust, we must “effectuate the intention of the creator” of the trust (EPTL 7-1.19). In determining decedent’s intention, we must engage in “a sympathetic reading of the will as an entirety and in view of all the facts and circumstances under which the provisions of the will were framed” (Matter of Fabbri, 2 NY2d 236, 240 [1957]; see Matter of Sawyer, 4 AD3d 800, 801-802 [2004]). If a “dominant purpose” can be discerned from reading the will, the individual provisions of the will must be read and given effect in light of that purpose (see Fabbri, 2 NY2d at 240). “ ‘[W]here a will is capable of two interpretations, the one should be adopted which prefers persons of the testator’s blood’ ” (Matter of Symonds, 79 AD2d 24, 26 [1981]).
Here, there are two provisions in the will regarding the distribution of the trust principal. Article v (B) (4) provides that, *921 upon the beneficiary’s death, the property of the trust is to be distributed equally to the grandchildren. Article VII (E), however, states that the trustee may terminate any uneconomical trust and distribute the assets of the trust to the current income beneficiary, i.e., Baumann. We conclude that decedent intended to benefit both Baumann and the grandchildren and, thus, that the Surrogate erred in awarding the entire trust principal to Baumann. We also recognize, however, that decedent intended the trust to benefit Baumann during her lifetime and, thus, that the trust principal cannot be awarded entirely to the grandchildren. In light of those competing interests, we remit the matter to Surrogate’s Court to determine “[t]he distribution of the trust assets ... in such manner, proportions and shares as in the judgment of the court will effectuate the intention of the creator” (EPTL 7-1.19 [a] [2]).
All concur except Peradotto and Lindley, JJ., who dissent and vote to affirm in the following memorandum.