Matter of LiGreci (2021 NY Slip Op 03454)





Matter of LiGreci


2021 NY Slip Op 03454


Decided on June 2, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 2, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2018-09069

[*1]In the Matter of Nicholas LiGreci, deceased. John T. LiGreci, respondent; Nicholas Perosi, appellant. (File No. 720/10)


Profeta & Eisenstein, New York, NY (Jethro M. Eisenstein of counsel), for appellant.
The Behrins Law Firm, Staten Island, NY (Bruce G. Behrins of counsel), for respondent.



DECISION & ORDER
In a proceeding for an accounting of trust property, the objectant appeals from a decree of the Surrogate's Court, Richmond County (Robert Gigante, S.), dated June 4, 2018. The decree ordered the petitioner to pay the objectant a surcharge in the sum of only $30,266.66, and ordered the objectant to pay the petitioner a counsel fee in the sum of $44,924.
ORDERED that the decree is affirmed, with costs.
Nicholas LiGreci (hereinafter the creator) created the LiGreci Irrevocable Insurance Trust (hereinafter the Trust) by an Irrevocable Trust Agreement dated November 5, 1991 (hereinafter the Trust Agreement). The creator appointed his brother John T. LiGreci (hereinafter the petitioner) as trustee of the Trust, the beneficiaries of which are the creator's adult children, including Linda Perosi. The corpus of the Trust consisted of a $1 million life insurance policy on the life of the creator.
Linda Perosi, as attorney-in-fact for the creator, executed an Amendment to the Trust on May 19, 2010, by which the petitioner was removed as trustee and replaced with Nicholas Perosi, Linda Perosi's son (hereinafter the objectant).
The creator passed away on June 2, 2010. On July 15, 2010, $1,004,506.85 in life insurance proceeds was collected from the insurance carrier by the objectant.
The objectant commenced a proceeding for an accounting and turnover of documents, and the petitioner moved to set aside the Amendment to the Trust which removed him as trustee. In an order dated February 14, 2011, the Supreme Court granted the motion, set aside the Amendment to the Trust, and directed the petitioner to provide an accounting. On appeal, this Court, by opinion and order dated July 11, 2012, reversed the Supreme Court's order, concluding that Linda Perosi could amend the Trust as the creator's attorney-in-fact, and the Amendment to the Trust successfully removed the petitioner as trustee and appointed the objectant as trustee (see Matter of Perosi v LiGreci, 98 AD3d 230).
By judgment dated October 11, 2012, the Supreme Court ordered the petitioner, inter alia, to provide an accounting. The accounting proceeding was subsequently removed to the Surrogate's Court. The petitioner thereafter filed an accounting, and the objectant filed objections.
After a hearing, in a decree dated June 4, 2018, the Surrogate's Court imposed a surcharge on the petitioner in the sum of $30,266.66, representing the objectant's counsel fees from June 14, 2010, through September 18, 2013, and ordered the objectant to pay the petitioner the sum of $44,924.00, representing counsel fees from August 24, 2010, through November 30, 2012. The objectant appeals.
Article 10 of the Trust Agreement provides: "The GRANTOR (and his estate) shall reimburse and indemnify the TRUSTEE and hold him harmless against, any loss, liability or expense, including but not limited to counsel fees, arising out of or in connection with the TRUSTEE's acceptance of, or the performance of its duties and obligations under, this Agreement, except for losses, liabilities and expenses caused by the willful misconduct or gross negligence of the TRUSTEE."
Pursuant to Surrogate's Court Procedure Act § 2110(1), the Surrogate's Court has the authority "to fix and determine the compensation of an attorney for services rendered to a fiduciary . . . in connection with the performance of his duties as a fiduciary." Pursuant to Surrogate's Court Procedure Act § 2110(2), "The court may direct payment therefor from the estate generally or from the funds in the hands of the fiduciary belonging to any legatee, devisee, distributee or person interested." The Surrogate's Court has broad discretion to fix such fees (see Matter of Sall, 292 AD2d 195). Accordingly, upon hearing proof of the account, the court must "make such order or decree as justice shall require" (SCPA 2211[1]).
Here, the Surrogate's Court providently exercised its discretion in awarding the petitioner a counsel fee for the time period from August 24, 2010, through November 30, 2012. The petitioner had a sound basis for resisting his removal as trustee (see Bogert's The Law of Trusts and Trustees § 525 [June 2020 Update]) until this Court, by opinion and order dated July 11, 2012, reversed the Supreme Court's order dated February 14, 2011. Contrary to the objectant's contentions, there is no evidence in the record that the petitioner breached his fiduciary responsibilities as trustee (see Matter of Wallens, 9 NY3d 117, 122). The remaining counsel fees awarded to the petitioner were incurred in the preparation of the accounting, which the Supreme Court had ordered the petitioner to prepare.
The Surrogate's Court providently exercised its discretion in surcharging the petitioner and awarding counsel fees to the Trust for the period June 14, 2010, through September 18, 2013. The Surrogate's Court has the discretion to surcharge a former trustee for improper expenditures for accounting and legal services (see Matter of Acker, 128 AD2d 867). Here, while the petitioner had a reasonable basis upon which to mount a challenge to the Amendment to the Trust, the objectant's position was eventually found to be correct, and the Trust reaped no benefit from the petitioner's challenge.
The Surrogate's Court providently exercised its discretion in declining to award either party their respective counsel fees incurred during the accounting proceeding.
DILLON, J.P., MILLER, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court